■ Because the government concedes the BIA's terse conclusion that Wei was not eligible for CAT relief fails to address evidence in the record detailing Wei's treatment during his three detentions, or documentary evidence regarding country and human rights conditions in China, we vacate the BIA's finding and remand the CAT claim to the agency for additional investigation or explanation. *See Azanor v. Ashcroft*, 364 F.3d 1013, 1020–21 (9th Cir.2004).

**PETITION FOR REVIEW DENIED IN PART; GRANTED IN PART; REMANDED.**

**Hiamanot ZEWEDU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70938.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 20, 2004.

Dario Aguirre, Esq., San Diego, CA, Hiamanot Zewedu, Seattle, WA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Jennifer Keeney, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Hiamanot Zewedu, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' ("BIA") opinion affirming an Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). She also petitions for review of the BIA's denial of her motion to reopen on the basis of new evidence. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because when the IJ questioned Zewedu's story and presented conflicting information from the State Department Report, Zedewu failed to present corroborating evidence and could not explain why she could not obtain such evidence. *See Chebchoub*, 257 F.3d at 1044.

Substantial evidence supports the BIA's conclusion that Zewedu failed to show that it was more likely than not that she would be tortured upon returning to Ethiopia, and therefore was not entitled to CAT relief. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001).

We review the BIA's denial of a motion to reopen for abuse of discretion. *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000). The BIA did not abuse its discretion in denying Zewedu's motion to reopen based on new evidence because the BIA's denial

was not arbitrary, irrational or contrary to law. *See Singh*, 213 F.3d at 1052. Zewedu failed to give any reason for why the available evidence could not have been submitted during her hearing, and that the unavailable documents were not material. Insofar as Zewedu contends that the BIA denied her due process by failing to grant her motion to reopen, this contention is without merit.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Zewedu's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

